Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Austin Mills,<br><br>Plaintiff,<br><br>v.<br><br>Netflix, Inc, a Delaware Corporation; Jerry Media, LLC a Delaware Limited Liability Company; Exuma Films, LLC, a Delaware Limited Liability Company; Matte Projects, LLC, a New York Limited Liability Company; Library Films, LLC, a Wisconsin Limited Liability Company; and, Vice Media, LLC, a Delaware Limited Liability Company; and, Does 1 – 10.<br><br>Defendants. | Case No.:<br><br>**Complaint for**:<br><br>1. Copyright Infringement;<br>2. Vicarious and/or Contributory Copyright Infringement;<br>3. Violation of the Digital Millennium Copyright Act (17 U.S.C. §1202)<br><br>**Jury Trial Demanded** |

Plaintiff Austin Mills hereby alleges as follows:

## Jurisdiction and Venue

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), & 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and § 1400(a) in that this is the judicial district in which a substantial portion of the acts or omissions giving rise to the claims occurred.

## The Parties

4. Plaintiff Austin Mills ("Mills") is an individual residing in Los Angeles, California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant Netflix, Inc. ("Netflix") is a Delaware corporation with its principal place of business located at 100 Winchester Circle, Los Gatos, California and is doing business in and with the State of California, including in Los Angeles County.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant Exuma Films, LLC ("Exuma") is a Delaware limited liability company with its principal place of business at 495 Broadway, Suite 201, New York, New York and is doing business in and with the State of California, including in Los Angeles County.

7. Plaintiff is informed and believes, and thereupon alleges, that Defendant Jerry Media, LLC ("Jerry Media") is a Delaware limited liability company with its principal place of business at 495 Broadway, New York, New York and is doing business in and with the State of California, including in Los Angeles County.

8. Plaintiff is informed and believes, and thereupon alleges, that Defendant Matte Projects, LLC ("Matte Projects") is a New York limited liability company with its principal place of business at 174 Hudson Street 5th Floor, New York, New York and is doing business in and with the State of California, including in Los Angeles County.

9. Plaintiff is informed and believes, and thereupon alleges, that Defendant Vice Media, LLC ("Vice Media") is a Delaware limited liability company with its principal place of business at 49 S 2nd Street, Brooklyn, New York and is doing business in and with the State of California, including in Los Angeles County.

10. Plaintiff is informed and believes, and thereupon alleges, that Defendant Library Films, LLC ("Library Films") is a Wisconsin limited liability company with its principal place of business at 220 East Buffalo Street, Suite 400, Milwaukee, Wisconsin and is doing business in and with the State of California, including in Los Angeles County.

11. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff's is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation,

alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## Factual Background

### *Austin Mill's Works*

13. Austin Mills is a social media personality and entrepreneur known for his basketball prowess - he played point guard at Baylor University and has provided behind the scenes commentary for the National Basketball Association and developed a significant presence on social media. As part of his enterprises, Mr. Mills shares his videos through his various web and social media channels including YouTube, Instagram and Snapchat.

14. In or about April of 2017, Mr. Mills traveled to the heavily marketed Fyre Festival which, as detailed below, was a complete debacle and subject of two major television productions including FYRE: The Greatest Party That Never Happened which is at the center of this dispute. Mr. Mills recorded his travels to and from the so-called festival as well as his time on the ground where the festival was to have taken place and created a video entitled "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" (the "Video") which he published on YouTube at https://www.youtube.com/watch?v=17_x9ee11lc.

15. Mr. Mills is the sole and exclusive owner of the Video which was registered with the United States Copyright Office and allocated Registration No. PA0002192284.

### *"FYRE: The Greatest Party That Never Happened"*

16. Prior to the production of their film, Defendants approached Mr. Mills with an offer to license his Video for their film "FYRE: The Greatest Party That Never Happened," but no agreement for any license was reached and at no point did Mr. Mills consent to Defendants' use of his Video or any part thereof. Nevertheless, and to Mr. Mills' great surprise, Defendants did use footage from his Video in their film.

17. Defendants appropriated, without authorization, portions of Plaintiff's copyrighted Video in "FYRE: The Greatest Party That Never Happened" (such portions referred to herein as "appropriated footage"). Without limitation, Defendants used impactful clips from the Video depicting the poor conditions of the festival during the much-anticipated portion of the film showing people arriving at the festival and discovering the dire reality of the situation as well as footage of the festival organizer addressing the distressed attendees.

18. Defendants Netflix, Exuma, Jerry Media, Library Films, Matte Projects, and Vice Media have infringed and continue to infringe Plaintiff's copyrighted work by producing, distributing, and streaming their film "FYRE: The Greatest Party That Never Happened."

19. A log documenting instances of appropriated footage in "FYRE: The Greatest Party That Never Happened," including the duration and source, is attached as **Exhibit A** and incorporated herein by reference. This representative log is not intended to be an exclusive, exhaustive, or final accounting of Defendants' appropriation of Plaintiff's copyrighted work and the claims made herein are made as to all unauthorized uses by Defendants, and each of them, of any of Plaintiff's content.

20. In each instance, the appropriated footage in "FYRE: The Greatest Party That Never Happened" is identical or virtually identical to Plaintiff's source work, or is a slightly modified derivative of said work.

21. Plaintiff is informed and believes, and thereupon alleges, that "FYRE: The Greatest Party That Never Happened" has been a commercial success for Defendants, including as a means of driving revenues, awareness, and subscriber growth for Netflix and the other Defendants. In April 2019, Netflix reported "FYRE: The Greatest Party That Never Happened" was "watched in more than 20 million member homes around the world."[1]

22. Furthermore, the film continues to be available on Netflix.com, and has been the subject of much media attention including an Emmy nomination. Indeed, as recently as August 19, 2019 and months since they were made aware of Plaintiff's claims, Defendants have used portions of their film using appropriated footage in connection with their Emmy Awards campaign.

23. Plaintiff is informed and believes, and now alleges, that Defendants yielded substantial revenue from their production, distribution, and streaming of "FYRE: The Greatest Party That Never Happened," including by way of subscriber payments and licensing and production and performance and carriage fees.

24. Plaintiff is informed and believes, and now alleges that Defendants' conduct was willful, given Defendants' knew they needed to obtain Plaintiff's permission to use his footage, going so far as to ask for a license, but then without regard to Plaintiff's rights, used the footage without consent. Ironically,

---

[1] Rick Porter, 'Umbrella Academy' Draws 45 Million Global Viewers, Netflix Claims, The Hollywood Reporter (Apr. 16, 2019), https://www.hollywoodreporter.com/live-feed/triple-frontier-planet-netflix-viewing-numbers-released-1202388.

Defendant's seem to have scammed Plaintiff of his footage for use in their film about a major scam, which of course turns out to be little more than a media campaign to absolve some Defendants of their complicity in said scam.

25.    Specifically, Plaintiff is informed and believes, and now alleges, that Defendants Jerry Media, LLC and Matte Projects, LLC were deeply involved in the publicity of the fraudulent and failed Fyre Festival as the agency behind the social media promotion and the company behind the viral promotional video such that their involvement in the Netflix film was a strategic and calculated move to blame others and control their public image.

26.    Plaintiff notified Defendants of their allegations of infringement in early 2019, and the parties communicated in regard to this dispute. Defendants, despite notice of Plaintiff's claims, failed to meaningfully respond and Netflix continues to this day to broadcast, stream, display, and distribute "FYRE: The Greatest Party That Never Happened."

## First Claim for Relief

*(For Copyright Infringement–Against all Defendants, and Each)*

27.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

28.    Plaintiff is informed and believes, and now alleges that Defendants, and each of them, had access to Plaintiff's copyrighted video through online streaming platforms. Additionally, access is also established by the striking similarity (they are identical or nearly identical) of the infringing scenes.

29.    Plaintiff is informed and believes, and now alleges that, without Plaintiff's authorization, Defendants, and each of them, distributed, marketed, and published "FYRE: The Greatest Party That Never Happened" bearing appropriated

footage that is identical to, or substantially similar to, excerpts from or complete copies of Plaintiff's Video.

30. Plaintiff is informed and believes, and now alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating "FYRE: The Greatest Party That Never Happened" and then marketing, distributing, and publishing it to the public.

31. Defendants, and each of them, infringed Plaintiff's rights by extracting clips from Plaintiff's Video, incorporating the appropriated work in new and different combinations into "FYRE: The Greatest Party That Never Happened," and then publishing it without Plaintiff's authorization or consent. The use of Plaintiff's copyrighted material provides some of the most compelling footage in "FYRE: The Greatest Party That Never Happened."

32. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered actual, general and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of the works.

33. Defendants, and each of them, have realized direct and indirect profits due to their acts of copyright infringement as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of Plaintiff's rights in the Video in an amount to be established at trial.

34. Plaintiff is informed and believes, and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Second Claim for Relief

*(For Vicarious and/or Contributory Copyright Infringement–Against all Defendants, and Each)*

35. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

36. Plaintiff is informed and believes, and now alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of "FYRE: The Greatest Party That Never Happened" as alleged above. Specifically, Netflix underwrote and participated in Jerry Media, Exuma, Library Films, Matte Projects, and Vice Media's illegal copying during the creation of "FYRE: The Greatest Party That Never Happened" and Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the "FYRE: The Greatest Party That Never Happened."

37. Plaintiff is informed and believes, and now alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the use, publication and distribution of the appropriated footage in their film. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of "FYRE: The Greatest Party That Never Happened" featuring the appropriated works.

38. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his businesses in an amount to be established at trial,

as well as additional actual, general and special damages in an amount to be established at trial.

39. Defendants, and each of them, have realized direct and indirect profits due to their acts of copyright infringement as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of Plaintiff's rights in the Video in an amount to be established at trial.

40. Plaintiff is informed and believes, and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Third Claim for Relief

*(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202) – Against all Defendants, and Each)*

41. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

42. Plaintiff's Video as distributed on streaming platforms (including YouTube) conveyed Content Management Information ("CMI") in connection with the Video, including but not limited to Plaintiff's name as author and the "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" title, and/or other metadata.

43. Plaintiff is informed and believes and now alleges that Defendants, in the course of appropriating footage from the Video and recompiling that appropriated footage into ""FYRE: The Greatest Party That Never Happened", violated 17 U.S.C. § 1202 by intentionally removing and/or altering the CMI conveyed in connection with Plaintiff's Video, and then by distributing

appropriated footage in their film with knowledge that the CMI had been removed or altered without authority of the copyright owner or the law.

44. Plaintiff is informed and believes and now alleges that Defendants, and each of them, distributed false CMI in connection with their distribution of ""FYRE: The Greatest Party That Never Happened" including false CMI identifying Defendants and/or their agents or collaborators as the author and/or owner of certain material that was in fact owned by authored and/or owned by Plaintiff.

45. Plaintiff is informed and believes and now alleges that Defendants distributed and publicly displayed the appropriated footage containing mislabeled and/or fraudulent CMI, knowing that the CMI had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

46. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 U.S.C § 1203 and other applicable law.

47. Plaintiff is informed and believe and now allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

//
//

## **Prayer for Relief**

*(Against All Defendants)*

With Respect to Each Claim for Relief, Plaintiff demands judgment against Defendants as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to Plaintiff's copyrighted works;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in and to Plaintiff's copyrighted works;

c. For a constructive trust to be entered over any scenes, recordings, reproductions, files, online programs, and other material in connection with "FYRE: The Greatest Party That Never Happened," and all revenues resulting from the exploitation of same, for the benefit of Plaintiff;

d. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Defendants pay damages equal to Plaintiff's actual damages and lost profits;

f. That Plaintiff be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505 and 17 U.S.C. § 1203;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

    h.    That Plaintiff be awarded the costs of this action; and

    i.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: September 3, 2019    By:    */s/ Scott Alan Burroughs*
    Scott Alan Burroughs, Esq.
    David Shein, Esq.
    DONIGER / BURROUGHS
    Attorneys for Plaintiff

# EXHIBIT A

| TIME STAMP from "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" | TIME STAMP from FYRE: The Greatest Party That Never Happened |
|---|---|
| BUS SCENE 1 - 2:54-2:56 | 56:18-56:22 |
| BUS SCENE 2 - 2:38-2:40 | 59:54-59:56 |
| DRINKING SCENE – 4:41-4:43 | 1:00:15-1:00:17 |
| CROWD SCENE – 4:05-4:10 | 1:01:04-1:01:09 |
| MATTRESS SCENE – 5:59-6:01 | 1:02:29-1:02:31 |