1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16

Austin Mills,

      Plaintiff,

v.

Netflix, Inc. *et al*.,

      Defendants.

Case No.:  CV 19-7618-CBM-(AGRx)

**ORDER RE:  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

17   The matter before the Court is Defendants Netflix, Inc., Jerry Media, LLC,

18   Exuma Films, LLC, Matte Projects, LLC, Library Films LLC, and Vice Media

19   LLC's (collectively, "Defendants'") Motion To Dismiss Plaintiff's First Amended

20   Complaint (the "Motion").  (Dkt. No. 25.)

21         **I.    BACKGROUND**

22   This is a copyright infringement action brought by Plaintiff Austin Mills

23   arising from Defendants' alleged unauthorized use of clips from Plaintiff's

24   copyrighted video "Fyre Festival COMPLETE Disaster. VLOG of Chaos!"

25   (hereinafter, the "YouTube Video") in Defendants' documentary film released on

26   Netflix entitled *FYRE: The Greatest Party That Never Happened* (hereinafter, the

27   "Documentary").  Pursuant to the parties' stipulation, Plaintiff filed a First

28   Amended Complaint ("FAC") which asserts three causes of action:  (1) Copyright

Infringement; (2) Vicarious and/or Contributory Copyright Infringement; and (3) violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. (Dkt. No. 23.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555.  To conform to Federal Rule of Civil Procedure 8, the plaintiff must make more than "an unadorned, the-defendant-harmed me" accusation. *Iqbal*, 556 U.S. at 678.  Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008).  A court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper. *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# III.   DISCUSSION

## A.      Requests for Judicial Notice

Defendants request that the Court take judicial notice of:  (1) Video of Recording posted to YouTube titled "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" (the "YouTube Video"); and (2) Documentary film *FYRE: The Greatest Party That Never Happened* (the "Documentary").  (Dkt. No. 26.) Plaintiff requests that the Court take judicial notice of a screenshot of Plaintiff's "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" as posted on YouTube at https://www.youtube.com/watch?v=17_x9ee11lc (the "Screenshot").  (Dkt. No. 31.)[1]

Taking judicial notice of the YouTube Video, Documentary, and Screenshot is unnecessary because they are incorporated by reference into the FAC.  (*See* FAC ¶¶ 14, 18, Ex. A.)  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).  Therefore, the parties' requests for judicial notice are denied as moot.

## B.      DMCA

Defendants move to dismiss Plaintiff's third cause of action for violation of 17 U.S.C. § 1202 of the DMCA for failure to state a claim.

17 U.S.C. §§ 1202(a) and 1202(b) of the DMCA place restrictions on the removal, alteration, and/or distribution of copyright management information ("CMI").  The DMCA defines CMI in relevant part as "any of the following information conveyed in connection with copies … of a work …, *including* in digital form …: (1) The title and other information identifying the work, including the information set forth on a notice of copyright.  (2) The name of, and other identifying information about, the author of a work.  (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright."  17 U.S.C. § 1202(c).

---

[1] The parties did not file oppositions to the requests for judicial notice.

Section 1202(a) provides:

> No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement--
>> (**1**) provide copyright management information that is false, or
>> (**2**) distribute or import for distribution copyright management information that is false.

*Id*. § 1202(a).  "In order to plead a violation of § 1202(a), plaintiff . . . must plausibly allege that defendant knowingly provided false copyright information *and* that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement."  *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018).

Section 1202(b) states:

> No person shall, without the authority of the copyright owner or the law--
>> (**1**) intentionally remove or alter any copyright management information,
>> (**2**) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
>> (**3**) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
> knowing, or, . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b).  "[T]he mental state requirement in Section 1202(b)" has "a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary."  *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018), *cert. denied,* 139 S. Ct. 1222, 203 L. Ed. 2d 208 (2019).

In support of Plaintiff's DMCA claim, the FAC alleges Plaintiff's YouTube Video conveyed CMI, "including but not limited to Plaintiff's name as author and the "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" title, and/or other

4

metadata." (FAC ¶ 42.)  The FAC then alleges upon information and belief that:

1. "Defendants, in the course of appropriating footage from the Video and recompiling that appropriated footage into 'FYRE: The Greatest Party That Never Happened', violated 17 U.S.C. § 1202 by intentionally removing and/or altering the CMI conveyed in connection with Plaintiff's Video, and then by distributing appropriated footage in their film with knowledge that the CMI had been removed or altered without authority of the copyright owner or the law" (FAC ¶ 43);

2. "Defendants, and each of them, distributed false CMI in connection with their distribution of 'FYRE: The Greatest Party That Never Happened' including false CMI identifying Defendants and/or their agents or collaborators as the author and/or owner of certain material that was in fact owned by authored and/or owned by Plaintiff" (*id.* ¶ 44); and

3. "Defendants distributed and publicly displayed the appropriated footage containing mislabeled and/or fraudulent CMI, knowing that the CMI had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title" (*id.* ¶ 45).

Plaintiff does not state the factual basis for any of these allegations made on information and belief.  The FAC fails to include "specific allegations as to how identifiable infringements 'will' be affected" by Defendants' alleged removing or altering of CMI, does not allege a pattern of conduct demonstrating Defendants knew or had reason to know their actions would cause future infringement, and fails to allege non-conclusory facts that Defendants intended to induce infringement by allegedly removing or altering any CMI.[2]

Moreover, the clips from the YouTube Video included in the Documentary include Plaintiff's name ("@AUSTINJMILLS") on the bottom left corner, and Plaintiff's name is listed under the category "Additional Archival materials by" in

---

[2] *Stevens*, 899 F.3d at 674; *see also Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019); *Philpot v. Alternet Media, Inc.*, 2018 WL 6267876, at *5 (N.D. Cal. Nov. 30, 2018); *Morgan v. Associated Press*, 2016 WL 6953433, at *3 (C.D. Cal. Mar. 16, 2016); *Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629, 632 (S.D.N.Y. 2016).

the Documentary's credits.  The inclusion of Plaintiff's name as the source of the clips demonstrates Plaintiff's conclusory allegations upon information and belief that Defendants knew and intended to induce infringement by altering CMI with respect to Plaintiff's name in the Documentary are not plausible.  *See Twombly*, 550 U.S. at 555; *Krechmer*, 747 F. App'x at 9-10.  Therefore, Plaintiff fails to plead sufficient facts regarding Defendants' knowledge and intent as required for his DMCA claim.

Plaintiff's DMCA claim is also based in part on Defendants' alleged removal of the title "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" from Plaintiff's YouTube Video.  Courts have interpreted the DMCA to require that CMI be removed or altered from the body of or the actual work itself.[3]  Here, the title "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" does not appear on Plaintiff's YouTube Video.  Rather, the title is written on the website where Plaintiff's video was posted.  However, Plaintiff's DMCA claim is based on Defendants' alleged infringement of the YouTube Video itself, not the website where the video was posted.  Accordingly, Plaintiff's DMCA claim fails as a matter of law to the extent it is based on Defendants' alleged removal of the title "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" from Plaintiff's YouTube Video.

Plaintiff's DMCA claim is also based in part on Defendants' alleged removal of "other metadata."  (FAC ¶42.)  The use of the phrase "other metadata" is overly vague, and the FAC fails to identify the CMI contained in "other metadata" that was allegedly removed or altered by Defendants.  Therefore, Plaintiff fails to state a claim for violation of the DMCA based on "other metadata."  *See, e.g., Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162,

---

[3] *See, e.g., Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd in part, rev'd in part on other grounds*, 336 F.3d 811 (9th Cir. 2003); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 929 (N.D. Ill. 2013).

1175 (N.D. Cal. 2019); *Spinelli v. Nat'l Football League*, 903 F.3d 185, 204–05 (2d Cir. 2018).

Accordingly, Plaintiff fails to plead sufficient facts to state a claim for violation of the DMCA.

## C.     "Collective" Allegations

Defendants also move to dismiss the FAC in its entirety on the ground Plaintiff fails to give each defendant notice of the particular claims asserted against them and the grounds for such claims as required under Rule 8 because the FAC fails to attribute specific conduct to any particular defendant, and instead makes allegations against all "Defendants" collectively.[4]  Defendants' argue "[e]ach Defendant involved in the production or distribution of the Documentary [containing portions of Plaintiff's copyrighted YouTube Video] had a different role."  However, the relevant inquiry at this stage is whether the claims as alleged in the FAC are plausible on their face.  *See* Fed. R. Civ. Proc. 8; *Twombly*, 550 U.S. at 570.  Nothing in the FAC makes it implausible that Defendants each had a role in appropriating, producing, distributing and streaming potions of Plaintiff's copyrighted work.  Therefore, the Court denies the Motion to dismiss the FAC in its entirety on the ground Plaintiff's allegations are "pleaded against 'Defendants' collectively."[5]

/ / /

/ / /

---

[4] Defendants highlight, as an example, the FAC's allegations that "Defendants" have "appropriated, without authorization, portions of Plaintiff's copyrighted Video" (FAC ¶ 17), "yielded substantial revenue from their production, distribution, and streaming of 'FYRE: The Greatest Party That Never Happened'" (*id.* ¶ 23), and known "they needed to obtain Plaintiff's permission to use his footage, going so far as to ask for a license, but then without regard to Plaintiff's rights, used the footage without consent" (*id.* ¶ 24).

[5] *See Heller v. NBCUniversal, Inc.*, 2016 WL 6573985, at *3 (C.D. Cal. Mar. 30, 2016); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2016 WL 6601662, at *10 (C.D. Cal. Feb. 3, 2016); *Tivoli LLC v. Sankey*, 2015 WL 12683801, at *4 (C.D. Cal. Feb. 3, 2015).

1

## IV.   CONCLUSION

2

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART**

3

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint as follows:

4

    (1)    Defendants' Motion is **GRANTED** as to Plaintiff's Third

5

Cause of Action for violation of the DMCA, with leave to amend to plead additional facts, consistent with Rule 11,

6

regarding:  (a) Defendants' knowledge and intent, and (b) the specific CMI contained in "other metadata" allegedly removed,

7

altered or distributed by Defendants.  Plaintiff cannot assert a DMCA claim based on Defendants' alleged failure to include

8

the title "Fyre Festival COMPLETE Disaster. VLOG of Chaos!" in the Documentary; and

9

    (2)    Defendants' Motion is **DENIED** insofar as it seeks dismissal

10

of the FAC in its entirety on the ground the allegations in the FAC are "pleaded against 'Defendants' collectively."

11

12

**IT IS SO ORDERED.**

13

14

DATED:  February 3, 2020.

                        _____

15

                        CONSUELO B. MARSHALL
                        UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28